# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Angeil A.,<br>             Plaintiff(s),<br>vs.<br>Martin O'Malley,<br>             Defendant(s). | **2:24-cv-01598-MDC**<br><br>**ORDER** |

Pending before the Court is plaintiff Angeil A.'s Brief (ECF No. 12) which requests the Court reverse and remand the Administrative Law Judge's ("ALJ") decision. Also present before the Court is the Commissioner's Brief (ECF No. 19) which requests the Court to affirm the ALJ's decision. ECF No. 19. For the reasons stated below, the Court GRANTS plaintiff's request and REMAND this matter to obtain a decision by the Office of Disability Operations ("ODO") on the issue of plaintiff's Section 301 payments.

## **DISCUSSION**

### I. BACKGROUND

This matter involves an age 18 redetermination. Plaintiff was awarded Social Security Income ("SSI") as a child, beginning on February 11, 2002. *See ECF Nos. 12, 19; see also AR*[1] *142*. Plaintiff turned eighteen on August 8, 2019. *Id*. On November 24, 2021, it was determined that plaintiff was no longer disabled as of November 16, 2021. *See AR 20, 148-151*. On November 30, 2021, plaintiff submitted a request for reconsideration. *AR 152-53*. On February 18, 2022, plaintiff filed an application for continued benefits while her appeal was pending. *Id*. at 154-55. On May 19, 2022, it was determined that plaintiff was no longer disabled as of November 16, 2021. AR 157. On July 12, 2022, plaintiff's mother filed a request for reconsideration on plaintiff's behalf. AR 165-66.

---

[1] The Certified Administrative Record ("AR") is located at ECF No. 10-1. When the Court refers to the AR, it references the AR pages. For example, AR 142 is ECF No. 10-1 at 148.

On January 18, 2023, on an Age 18 Redetermination, the Disability Hearing Officer found that plaintiff's disability ceased on May 19, 2022. *AR 20, 134-141*. On February 27, 2023, plaintiff filed a written request for a hearing, which was held on September 27, 2023. *AR 20*. On November 22, 2023, The ALJ found plaintiff was not disabled. *AR 33*.

The ALJ used the five-step sequential evaluation process (20 CFR 416.920(a)) to determine whether Plaintiff was disabled. *AR 22-33*. The ALJ made the following findings:

> **Step One:** At step one, the ALJ found that step one of the five-step sequential evaluation process is not used for redetermining disability at age eighteen. *See* 20 C.F.R. § 416.987(b).

> **Step Two:** At step two, the ALJ found that the plaintiff had the following severe impairments: borderline intellectual functioning; learning disorder; major depressive disorder; and generalized anxiety disorder (20 CFR 416.920(c).

> **Step Three:** At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

> **Step Four:** At step four, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following nonexertional limitations: can understand, remember and carry out simple tasks with concentration, persistence and pace for such work; can perform work with no fast-paced production quotas; and can perform work with only occasional contact with others, such as coworkers and the public. The ALJ also found that plaintiff had no past relevant work (20 CFR 416.965).

> **Step Five:** At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

*AR 22-33*.

On December 5, 2023, plaintiff appealed the ALJ's hearing decision. *AR 231-33*. On July 1, 2024, the Appeals Council declined to disturb the decision of the ALJ, making the ALJ's determination, the Commissioner's final decision. *AR 1-6*. Plaintiff seeks review under 42 U.S.C. § 405(g).

//

//

## II. DISCUSSION

### A. Review Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### B. Analysis

There are two appeals at issue: the termination of benefits and the denial of benefits. Plaintiff seeks reversal and remand of the ALJ's decision. Plaintiff argues that the ALJ erred when she: [a] terminated benefits without considering the applicability of 20 C.F.R. § 416.1338; [b] failed to provide clear and convincing evidence in rejecting the subjective symptom testimony; [c] failed to consult medical experts in finding that plaintiff's impairments did not meet or equal a listed impairment; and [d]

failed to hold a supplemental hearing based on objections to the vocation witness testimony. *See generally ECF No. 12*.

The Commissioner argues that: [1] plaintiff failed to exhaust her administrative remedies; [2] the ALJ rejected plaintiff's symptom testimony with clear and convincing evidence; [3] the AL reasonably concluded that plaintiff's impairments did not meet or equal a listed impairment; and [4] the ALJ reasonably relied on the vocational witness testimony.

The Court has reviewed both briefs (*ECF Nos. 12, 19*) and the Certified Administrative Record, including the ALJ's Hearing Decision (*AR 20-33*). For the reasons stated below, the Court remands this matter to compel the ODO to issue a final decision regarding plaintiff's Section 301 payments.

### a. The Court's Jurisdiction Is Limited To Reviewing Final Decisions Of The Commissioner

Plaintiff appeals the termination of benefits. She asserts that "[t]he ALJ committed reversible error by not continuing [her] benefits in derogation of 20 C.F.R. § 416.1338." *ECF No. 12 at 3:5-6*. The Commissioner argues that this matter is not ripe for review because the Office of Disability Operations ("ODO") has not made a final decision as to whether plaintiff was entitled to continued benefits[2] under 20 C.F.R. § 416.1338 ("Section 301 payments"). The code states in relevant part:

> (a) When may your benefits based on disability or blindness be continued? Your benefits based on disability or blindness may be continued after your impairment is no longer disabling, you are no longer blind as determined under § 416.986(a)(1), (a)(2) or (b), or your disability has ended as determined under § 416.987(b) and (e)(1) in an age-18 redetermination, if —
>
> (1) You are participating in an appropriate program of vocational rehabilitation services, employment services, or other support services, as described in paragraphs (c) and (d) of this section;
>
> \*\*\*

---

[2] These extended benefit payments are "commonly referred to as Section 301" payments "because the initial legislative authority for continued payment of benefits to individuals in a [vocational rehabilitation] program was provided in Section 301 of the Social Security Disability Amendments of 1980." Social Security Administration Programs Operations Manual System (POMS) DI § 14505.005; https://secure.ssa.gov/apps10/poms.nsf/lnx/0414505005

> (d) When are you participating in the program?
> ***
> (2) If you are a student age 18 through 21 receiving services under an individualized education program described in paragraph (c)(4) of this section, you are participating in your program when you are taking part in the activities and services outlined in your program or plan.

20 C.F.R. § 416.1338(a)(1), (d)(2)

Plaintiff argues that she "continued to have an IEP through at least 2023…[which] qualified her for continuing benefits under 20 C.F.R. § 416.1338(a)(1), (d)(2)." *ECF No. 12* at 3:7. The Commissioner argues that this issue is not ripe for review as plaintiff has not exhausted her administrative remedies. The Court agrees that it is limited in its judicial review.

> Section 405 (g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business….We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction -- the statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are "final" and "made after a hearing."

*Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

Neither party appears to dispute that the ODO has not issued a final decision on the matter of plaintiff's eligibility for Section 301 payments. Plaintiff argues that her "benefits had ceased, which would lead one to believe that in fact, the ODO has issued a decision." *ECF No. 20 at 1*. Plaintiff's matter was brought under Title XVI (*see e.g., AR 173*). The Programs Operations Manual System (POMS) lays out that benefits may terminate before the ODO makes a Section 301 determination. *See DI § 14505.005* ("**Title XVI cases:** Due to the automated N07/N08 process, benefit payment termination may trigger before ODO makes the Section 301 determination. Benefits continue pending the Section 301 determination."). Therefore, the Court neither finds persuasive nor reaches the same conclusion as plaintiff's argument. There is no evidence on the record, nor any supplemental filing that a final decision was made by ODO as to plaintiff's eligibility for Section 301 payments. The

determination of whether plaintiff was entitled to continued benefits was not properly before the ALJ. Thus, pursuant to § 405(g), the Court lacks jurisdiction over this issue. However, plaintiff is not without remedy. Under 28 U.S.C. § 1361[3], the Court has jurisdiction to remand this case for further proceedings so the appropriate administrative proceedings under 20 C.F.R. § 416.1338 may take place. *See e.g. Barrios v. Colvin*, 2016 U.S. Dist. LEXIS 23309, at *11-12 (C.D. Cal. Feb. 24, 2016) (finding remand appropriate under 28 U.S.C. § 1361 so plaintiff may receive a determination under on his continued benefits where there was no decision from the ODO regarding Section 301) (citing *Leschniok v. Heckler*, 713 F.2d 520 (9th Cir. 1983). The record and the briefings are unclear whether plaintiff's file was transferred to the ODO for a final decision. Because there is no indication of a final decision from the ODO regarding plaintiff's Section 301 payments, the Court finds remand appropriate such that a final decision be issued.

//
//
//
//
//
//
//
//
//
//
//
//

---

[3] The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. § 1361

### III. CONCLUSION

Because there is no final decision on the issue of continued benefits, the Court finds that the matter is not ripe for judicial review. Therefore, pursuant to 28 U.S.C. §1361, the Court remands this matter for the ODO to issue its final decision forthwith. Because the Court remands the matter on the issue of plaintiff's eligibility for Section 301 payments, it does not reach the merits of plaintiff's arguments regarding the denial of disability benefits. Plaintiff's arguments are largely couched on the issue of 20 C.F.R. § 416.1338. Therefore, it is in the interest of judicial economy and fairness to fully exhaust the Section 301 payment determination before the Court reaches plaintiff's other arguments.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's motion for remand (ECF No. 12) is **GRANTED.**
2. The Court REMANDS this case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g) and 28 U.S.C. § 1361, for further consideration in the age 18 redetermination hearing and under 20 C.F.R. §416.1338 as stated above.
3. The Commissioner's cross-motion to affirm (ECF No. 19) is **DENIED**.
4. The Clerk of Court is **DIRECTED** to enter final judgment **VACATING** the decision of the Commissioner of Social Security and **REMANDING** this case for further proceedings consistent with this Order.

DATED this 9th day of July 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge